UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DORNAL GIBSON                                                                                           PLAINTIFF

V.                                          No. 3:21-CV-198-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                 DEFENDANT

**ORDER**

**I.  Introduction**

Plaintiff Dornal Gibson applied for disability benefits, alleging disability beginning on April 12, 2019. (Tr. at 22). His application was denied initially and upon reconsideration. *Id*. Gibson then requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. After conducting a hearing, the ALJ denied his application on December 31, 2020. (Tr. at 30). The Appeals Council later denied Gibson's request for review of the ALJ's decision. (Tr. at 1). Therefore, the ALJ's denial of Gibson's application for benefits stands as the final decision of the Commissioner.

Gibson filed this case seeking judicial review of the decision denying him benefits. For the reasons stated below, the Court[1] reverses the ALJ's decision and remands the case for further consideration.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge. Doc. 15.

## II. The Commissioner's Decision

The ALJ found that Gibson had not engaged in substantial gainful activity since his alleged onset date of April 12, 2019. (Tr. at 25). At Step Two of the five-step disability evaluation,[2] the ALJ found that Gibson had the following severe impairments: obstructive sleep apnea, hypertension, diabetes, obesity, and degenerative disc disease of the cervical spine. *Id*.

After finding that Gibson's impairments did not meet or equal a listed impairment, the ALJ determined that Gibson had the ability to perform work at the medium exertional level, except that he could only perform limited overhead reaching not related to the work performed, and he would be limited to only frequent climbing, stooping, crouching, kneeling, and crawling. *Id*.

Relying upon Vocational Expert ("VE") testimony, the ALJ determined that Gibson was able to perform his past relevant work as a saw operator, as the work is generally performed. (Tr. at 28–29). The ALJ also found that, based on Gibson's age, education, work experience, and residual functional capacity ("RFC"), other jobs existed in significant numbers in the national economy that he could perform,

---

[2] Using a five-step sequence, the ALJ determines: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

including occupations such as dining room attendant and room attendant. (Tr. at 29–30). The ALJ therefore concluded that Gibson was not disabled. (Tr. at 30).

### III.  Discussion

A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Gibson's Arguments on Appeal

Gibson contends that substantial evidence does not support the ALJ's decision to deny benefits. He raises two issues on appeal related to the ALJ's RFC determination. He argues that the ALJ erred by not properly evaluating a medical opinion and by failing to incorporate limitations for sleep apnea in his RFC. After reviewing the record as a whole, the Court concludes that the ALJ's decision should be reversed and remanded for further consideration.

Gibson worked at a plywood company as a miter saw operator from December 1991 until April 2019, when he lost his job to a plant closure. (Tr. at 29, 43–44). At the hearing, he testified that he was no longer able to work due to radiating pain and other symptoms stemming from his neck and back, as well as excessive drowsiness caused by his severe sleep apnea. (Tr. at 47). Gibson also had diabetes and hypertension with routinely elevated blood pressure. (Tr. at 26).

In September 2019, Gibson met Stephanie Duffel, APRN, for a physical consultative examination. (Tr. at 411–16). In conjunction with the exam, Gibson

underwent radiographic imaging of his neck, which showed degenerative disc changes of the cervical spine. (Tr. at 399). On examination, Gibson exhibited normal range of motion in all major joints, but he had cervical spine tenderness with diminished extension and rotation. (Tr. at 412). He also had tenderness in his lumbar spine, muscle spasms in his low back, and he could not walk on his heels and toes. (Tr. at 414). His gait was otherwise normal, though, and he could walk without assistive devices. Ms. Duffel did note that Gibson was very sleepy during the exam, and as she spoke with his family, she witnessed him fall asleep with snoring. *Id*. Ms. Duffel ultimately opined that Gibson had mild to moderate limitations in walking, standing, lifting, and carrying, and that he suffered from excessive daytime sleepiness. (Tr. at 415).

An ALJ considers medical opinions in the record as part of determining a claimant's RFC. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ does not defer or give any specific evidentiary weight to a medical opinion, regardless of the source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of each medical opinion based on a number of factors, including the supportability of the opinion, the consistency of the opinion with other evidence in the record, the source's relationship with the claimant, any specialization the source may have, and any other factors that tend to support or contradict the opinion. *Id*. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5). Supportability and consistency are the

most important factors, and the ALJ will explain in the final written opinion how these factors were considered. *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2).

The ALJ found that Ms. Duffel's opinion was not persuasive. (Tr. at 28). He found that the opinion was only supported by "a single examination and the claimant's subjective complaints." *Id*. He found "[t]here was no indication that [Ms. Duffel] took the broad medical record into account." *Id*. He also characterized the opinion as "vague" because Ms. Duffel had failed to "provide any definition of mild or moderate in the context of her opinion and those terms do not have clear vocational definitions." *Id*.

Although the ALJ adequately addressed the supportability of the opinion, he did not address whether the opinion was consistent with the other record evidence. Neither the alleged vagueness of the opinion, nor Ms. Duffel's alleged failure to consider the full medical record in providing her opinion, renders the opinion inconsistent with the record. Moreover, the Court finds that the ALJ's observations in this regard are not fully supported. Ms. Duffel's opinion shows that she certainly considered at least some of Gibson's medical records from other sources, as evidenced by her note that the medical records she had been provided did not contain a diagnosis of sleep apnea. (Tr. at 415). And the evaluation form she used—which was provided by the state's Disability Determination Services office—specifically directed Ms. Duffel to note limitations in Gibson's ability to walk, stand, lift, and

carry, and to "assess the severity of limitations (mild, moderate, severe)" based on her evaluation. (Tr. at 409, 415).

The Eighth Circuit has held, in an unpublished opinion, that an ALJ's failure to address the consistency of a medical opinion with the other evidence of record requires remand. *Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (per curiam). Since *Bonnett* was decided, several district courts in the Eighth Circuit, including this one, have reversed cases based on this type of error.[3] The Court will follow suit in this case. Remand is required for the ALJ to evaluate Ms. Duffel's medical opinion in accordance with the relevant regulations.

Gibson's second argument for reversal concerns his obstructive sleep apnea. The ALJ found it was a severe impairment at Step Two and acknowledged that it significantly limited Gibson's ability to do basic work activities. (Tr. at 25); 20 C.F.R. §§ 404.1520(c), 416.920(c). The ALJ did not, however, include any limitations in Gibson's RFC to account for the impairment. Gibson asserts that the

---

[3] *See, e.g., Maxwell v. Kijakazi*, No. 3:20-CV-408, 2021 WL 5998018, at *2–3 (E.D. Ark. Dec. 20, 2021) (holding that failure to mention and analyze consistency of medical opinion was reversible error); *Pipkins v. Kijakazi*, No. 1:20-CV-161, 2022 WL 218898, at *3–4 (E.D. Mo. Jan. 25, 2022) (remanding based on failure to "explain" the supportability and consistency of medical opinion in light of ALJ's summary of the record evidence); *Hempstead v. Comm'r*, No. 6:21-cv-06158, 2022 WL 2913011, at *3 (W.D. Ark. July 22, 2022) (reversing based on ALJ's failure to provide a "specific analysis of both supportability and consistency" as required by applicable regulations); *Michael B. v. Kijakazi*, No. 21-CV-1043, 2022 WL 4463901, at *2 (D. Minn. Sept. 26, 2022) (remanding based on ALJ's failure to discuss supportability factor); *Arden B. v. Kijakazi*, No. 21-CV-2008, 2022 WL 4636221, at *4–5, *4 n.21 (N.D. Iowa Sept. 30, 2022) (reversing for failure to address supportability factor and collecting district court cases regarding same).

omission warrants remand. The Commissioner has not provided a substantive response to this argument on appeal, but supplemental briefing on this point is unnecessary, given that the Court is already remanding the case for further evaluation.

## IV.  Conclusion

For the reasons stated above, the Court finds that the Commissioner's decision is not supported by substantial evidence. This case is therefore reversed and remanded for further review.

IT IS SO ORDERED this 1st day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE